UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:23-cv-00205 (UNA) |
| ) | |
| CARROLSBURG SQUARE ) | |
| CONDOMINIUM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and motion for temporary restraining order and preliminary injunction ("motion for TRO/PI"), ECF No. 3.  For the reasons explained, the court will grant the IFP application, dismiss the complaint without prejudice, and deny the motion for TRO/PI.

Plaintiff, a resident of the District of Columbia, appears to sue anyone having had a conceivable role in a pending foreclosure of his residence.  He sues "Carrollsburg Square Condominium" and its "Association President and Attorney-In-Fact," also both located in the District.  He also sues Alex Cooper Auctioneers, located in the District, as well, and World Business Lenders, located in Southlake, Texas.

Preliminarily, neither the complaint, nor the accompanying motion for TRO/PI, ECF No. 3, is captioned for this court, in contravention of Federal Rule 10(a) and D.C. Local Rule 5.1(g). The complaint's allegations fare no better.  Plaintiff provides little to no detail regarding the nature, timing, or context as to the foreclosure at issue.  He contends that he is willing to pay the outstanding debt, but that he did not receive adequate notice, and that he only learned of the

foreclosure through a random law firm's mailed advertisement for services. He also alleges that he sought assistance and was in contract negotiations with World Business Lenders, but those negotiations ceased because World Business Lenders was charged with fraud in New Jersey. The claims against Carrollsburg Square Condominium and its President are yet less clear. It appears that the Condo Association, by and through its law firm, may have foreclosed on plaintiff's unit for alleged non-payment, but this is pieced together from the court's own deductions, and plaintiff himself provides absolutely no information regarding same. He only alleges that the Condo Association failed to make necessary repairs and is now "conducting the sale." The allegations against Alex Cooper Auctioneers are even more equivocal, aside from its plausible involvement of the physical sale of the property.

      Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Moreover, plaintiff has failed to establish this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff cites to the Servicemembers' Civil Relief Act ("SCRA"), but he fails to state a claim under that authority. The SCRA protects active full-time servicemembers from foreclosure or repossession of real property, *see* 50 U.S.C. §§ 3911(2)(A)(i), 3952; 10 U.S.C. § 101(d)(1)), but plaintiff alleges only that he is a "veteran." The complaint makes no suggestion that he was on active full-time duty at the times relevant to his claims. *See Harris v. Bowser*, 404 F. Supp. 3d 190, 199 (D.D.C. 2019) (finding that the Servicemembers' Civil Relief Act applies only to members on active duty military service and dismissing complaint), *aff'd*, 843 Fed. Appx. 328 (D.C. Cir. 2021); *see also Shackelford v. Virtu Investments, LLC*, No. 2:16-cv-1601, 2019 WL 4879158, at *2 (E.D. Cal. Oct. 3, 2019) (quoting 50 U.S.C. § 3902) (dismissing SCRA claim as inapplicable and for the "inability to state a cognizable claim" where plaintiff stated that she was "a disabled gulf war era veteran" but not an active servicemember), *R&R adopted*, 2019 WL 6467752 (E.D. Cal. Dec. 2, 2019).

Plaintiff next references, only in passing, his "due process" rights, but none of these private defendants are state actors subject to liability under 42 U.S.C. § 1983 for alleged due process violations. *See Lyles v. Hughes*, 964 F. Supp. 2d 4, 7–8 (D.D.C. 2013); *Akers v. Mooring Fin. Corp.*, No. 16–cv–02511, 2016 WL 10662496, at *1 (D.D.C. Dec. 23, 2016) (same).

Finally, plaintiff cites to "D.C. Law 24-39," which he contends instituted a "COVID-19 moratorium" on real property foreclosures. That specific law applies strictly to evictions of tenants in rental properties, not to foreclosures. *See id*; *see also* D.C. Code § 42–3505.01. The court recognizes that—under a very specific set of circumstances not identified by plaintiff—a foreclosure moratorium also currently exists under D.C. Law, in place until mid-February 2023. *See id*. § 42–851.01. But even if plaintiff had pleaded with more clarity, this is *local* authority—not federal, and thus belongs in the Superior Court of the District of Columbia. Consequently, plaintiff has failed to state a federal question.

He has also failed to establish diversity jurisdiction. Although he names a defendant located in Texas, plaintiff and three of the named defendants are all located in the District of Columbia, thereby defeating any diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."); *Akers*, 2016 WL 10662496, at *1 (same).

For all of these reasons, this court cannot exercise subject matter jurisdiction over this matter, and plaintiff has also failed to state a claim. *See* Fed. Rs. Civ. P. 12(h)(3), 8(a); 28 U.S.C. § 1915(e)(2)(B)(ii). As such, the complaint is dismissed without prejudice, and the motion for TRO/PI, which raises the same allegations in even less detail, is denied for the same reasons. An order consistent with this memorandum opinion is issued separately.

Date:  February 9, 2023                                     _____/s/_____
                                                            RUDOLPH CONTRERAS
                                                            United States District Judge